FILED
2017 Feb-27  AM 11:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ROGER SHULER, and CAROL SHULER, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No.: 2:16-CV-0695-VEH ) |
| LUTHER STRANGE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

An order dismissing this case with prejudice (Doc. 154) and an accompanying memorandum opinion (Doc. 153) were entered on January 13, 2017. (Doc. 28). Post-judgment, Plaintiffs filed a Request for Leave of Court To Amend Complaint, Per FRCP 15 (Doc. 155) (the "Amend Motion"), a Motion To Alter or Amend Judgment Under FRCP 59 (Doc. 156) (the "Rule 59(e) Motion"),[1] and a Motion To Recuse (Doc. 157) (the "Recusal Motion"), all on the same date of February 9, 2017.

On February 23, 2017, another judge of this court denied Plaintiffs' Recusal Motion, but, nevertheless, "for reasons wholly unrelated" to the contents of the

---

[1] *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Recusal Motion, recused himself from further participation in the case. (Doc. 165 at 1). As a result of this recusal order, the action was reassigned to the undersigned by the Clerk's Office. *See* CM/ECF margin entry dated Feb. 23, 2017 ("This case is reassigned to Judge Virginia Emerson Hopkins."). Therefore, the undersigned is now responsible for deciding Plaintiffs' Amend and Rule 59(e) Motions. The court begins with Plaintiffs' Rule 59(e) Motion.

**II.     Analysis**

    **A.     Plaintiffs' Rule 59(e) Motion**

        **1.     Rule 59(e) Standard**

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing *Futures Trading Comm'n v. Am. Commodities Group*, 753 F.2d 862, 866 (11th Cir. 1984)). "While, as a rule, parties are not entitled to 'two bites at the apple', there are occasions in which reconsideration should be entertained." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (citing *Am. Home*, 763 F.2d at 1239).

As the Eleventh Circuit has summarized the limited scope of relief that is available to a litigant under Rule 59(e):

> "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

*Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59."); *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) ("The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed.").

   2.   **Analysis**

Nowhere within Plaintiffs' Rule 59(e) Motion do they state the applicable standard. Moreover, Plaintiffs' points contained in their Rule 59(e) Motion fall short of reaching Rule 59(e)'s limited scope for obtaining post-judgment relief. As correctly observed in the opposition (Doc. 164) filed by Defendants Preston Crider and Angela Gulledge Crider (collectively, the "Crider Defendants"), Plaintiffs' post-judgment motion "is nothing more than an attempt to reargue the Plaintiffs' previously dismissed claims." (Doc. 164 at 1 ¶ 1). Importantly, Plaintiffs' disagreement with the court's reasons for dismissing their case does not, in any

manner, demonstrate that the 45-page memorandum opinion thoroughly supporting the with-prejudice dismissal contained manifest errors of law or fact.

Plaintiffs also do not suggest that some newly discovered evidence requires that the dismissal of their case be reconsidered. Therefore, no basis for awarding Plaintiffs any Rule 59(e) relief exists under binding Eleventh Circuit precedent and their Rule 59(e) Motion is **DENIED**.

### B. Plaintiffs' Amend Motion

#### 1. Principles Governing Rule 15(a)

"Leave to amend a complaint shall be freely given when justice so requires." *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992). The Eleventh Circuit "reviews the denial of a motion to amend a complaint for abuse of discretion." *Steger v. General Electric Company*, 318 F.3d 1066, 1080 (11th Cir. 2003); *see also Henson v. Columbus Bank and Trust Co.*, 770 F.2d 1566, 1574 (11th Cir. 1985) ("A district court has great discretion when determining whether an amendment to the complaint should be allowed once responsive pleadings have been filed.").

At the same time, the Eleventh Circuit has explained that granting leave to amend under Rule 15(a) is not appropriate post-judgment unless a party has obtained relief from that judgment under Rule 59(e) or Rule 60(b).

The problem with Jacobs's arguments is that Rule 15(a), by its

plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered. In *United States ex rel. Atkins v. McInteer*, we made this clear.

> [Rule] 15(a) has no application once the district court has dismissed the complaint and entered final judgment for the defendant. *Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984). *Wright, Miller & Kane, Federal Practice and Procedure*, § 1489. <u>Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)</u>. *Id.*; *Czeremcha*, 724 F.2d at 1556; *Ahmed v. Dragovich*, 297 F.3d 201, 207-09 (3d Cir. 2002); *Lindauer v. Rogers*, 91 F.3d 1355, 1356 (9th Cir. 1996); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981).

> 470 F.3d 1350, 1361 n.22 (11th Cir.2006). Given this precedent, we could hardly hold that the district court abused its discretion in denying Jacobs leave to amend his complaint post-judgment.

*Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010) (emphasis by underlining added).

When an opposing party challenges a proposed amendment under Rule 15(a) as futile, the district court must decide whether "the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). The futility standard is comparable to that applicable to a motion to dismiss. *See B.D. Stephenson Trucking, L.L.C. v. Riverbrooke Capital*, No. 5:06-CV-0343-WS, 2006 WL 2772673, at \*6 (S.D. Ala. 2006) ("[T]hus, if the

amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("denial of leave to amend justified by futility when 'complaint as amended is still subject to dismissal'"))); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (affirming district court's denial of motion for leave to amend as futile because amended claim "would not withstand a motion to dismiss").

### 2.   Analysis

Plaintiffs' Amend Motion is procedurally barred by Eleventh Circuit precedent which precludes them from seeking leave to amend under Rule 15(a) unless they have secured post-judgment relief under Rule 59(e) or Rule 60(b). *See Jacobs*, 626 F.3d at 1344-45 (discussing limitations of Rule 15(a) when movant seeks to amend post-judgment). Here, Plaintiffs have not unlocked the door for seeking Rule 15(a) post-judgment relief through either the Rule 59(e) or Rule 60(b) key.

Alternatively, the court has considered the proposed amended complaint (Doc. 155-1) that is attached to Plaintiffs' Amend Motion and agrees with the Crider Defendants that "Plaintiffs do not set forth any additional factual allegations that would in any way change the legal analysis that [the previously assigned judge] has already undertaken." (Doc. 164 at 2 ¶ 4). Consequently, Plaintiffs' proposed amended

pleading would not survive a motion to dismiss and to grant Plaintiffs' Amend Motion would be futile. Accordingly, for both of these independent reasons, Plaintiffs' Amend Motion is **DENIED**.

### III. Conclusion

Thus, Plaintiffs' Rule 59(e) and Amend Motions are both **DENIED**.

**DONE** and **ORDERED** this 27th day of February, 2017.

**VIRGINIA EMERSON HOPKINS**
United States District Judge